UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COMPUTERSHARE TRUST
COMPANY, NATIONAL ASSOCIATION,
*Trustee for Registered Holders of*
*J.P. Morgan Chase Commercial Mortgage*
*Securities Corp., Multifamily Mortgage*
*Pass-Through Certificates,*
*Series 2022-SB102*

CIVIL ACTION

VERSUS

TIGER GARDENS, LLC

NO. 25-00890-BAJ-SDJ

RULING AND ORDER

Before the Court is Plaintiff's **Motion For Default Judgment (Doc. 13)**.[1]
The Motion is unopposed. For the following reasons, Plaintiff's Motion will be
**GRANTED.**

I.    BACKGROUND

This case arises out of Defendant Tiger Gardens, LLC's alleged failure to repay
a commercial loan in the original principal amount of $1,675,000.00 (the "Loan").
(Doc. 1 at 1). Plaintiff alleges that the Loan is secured by liens encumbering an
apartment complex commonly known as *Tiger Gardens Apartments*, located at
4639 Tigerland Ave, Baton Rouge, Louisiana 70802 (the "Property"). (*Id.* at 1–2).
Plaintiff alleges that Defendant defaulted on the Loan by failing to make required

---

[1] Plaintiff identifies itself as "Computershare Trust Company, National Association, not in
its individual capacity, but solely as trustee for the Registered Holders of J.P. Morgan Chase
Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates,
Series 2022-SB102." (Doc. 1).

monthly payments when due, and as a result, all amounts owed to Plaintiff are accelerated and due. (*Id.* at 2).

According to the Verified Complaint, the Property includes the following:

a) the Land located in East Baton Rouge Parish, State of Louisiana, bearing the following legal description:

TWO (2) CERTAIN LOTS OR PARCELS OF GROUND, together with all the buildings and improvements thereon, situated in that subdivision of the Parish of East Baton Rouge, State of Louisiana, known as Tigerland Acres, and being designated on the official subdivision map, or file and of record in the office of the Clerk and Recorder for said parish and state, as LOT NUMBERS SIXTY-TWO A (62-A) AND SIXTY-THREE (63), said subdivision, said 101 having such measurements and dimensions as shown on said map.

b) The Improvements.

c) The Fixtures.

d) The Personalty.

e) All current and future rights, including air rights, development rights, zoning rights and other similar rights or interests, easements, tenements, rights of way, strips and gores of land, streets, alleys, roads, sewer rights, waters, watercourses and appurtenances related to or benefiting the Land or the Improvements, or both, and all rights-of-way, streets, alleys and roads which may have been or may in the future be vacated;

f) All proceeds paid or to be paid by any insurer of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Mortgaged Property, whether or not Borrower obtained the Insurance pursuant to Plaintiff's requirement;

g) All awards, payments and other compensation made or to be made by any municipal, state or federal authority with respect to the Land, the Improvements, the Fixtures, the Personalty or any other part of the Mortgaged Property, including any awards or settlements resulting from Condemnation proceedings or the total or partial taking of the Land, the Improvements, the Fixtures, the Personalty or any other part

2

of the Mortgaged Property under-the power of eminent domain or otherwise and including any conveyance in lieu thereof;

h) All contracts, options and other agreements for the sale of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Mortgaged Property entered into by Borrower now or in the future, including cash or securities deposited to secure performance by parties of their obligations;

i) All proceeds from the conversion, voluntary or involuntary, of any of the items described in subsections (a) through (h) inclusive into cash or liquidated claims, and the right to collect such proceeds;

j) All Rents and Leases;

k) All earnings, royalties, accounts receivable, issues and profits from the Land, the Improvements or any other part of the Mortgaged Property, and all undisbursed proceeds of the loan secured by this Instrument;

l) All deposits to a Reserve Fund, whether in cash or as a letter of credit;

m) All refunds or rebates of Taxes by a Governmental Authority (other than refunds applicable to periods before the real property tax year in which this Instrument is dated) or Insurance premiums by an insurance company;

n) All tenant security deposits which have not been forfeited by any tenant under any Lease and any bond or other security in lieu of such deposits; and

o) All names under or by which any of the above Mortgaged Property may be operated or known, and all trademarks, trade names, and goodwill relating to any of the Mortgaged Property[.]

(*Id.* ¶ 8).

Plaintiff attached the Loan Documents concerning the Property as Exhibits A through E to the Verified Complaint. (Doc. 1-3–Doc. 1-7). The Loan Documents consist of the Note, the Loan Agreement, the Omnibus Assignment, the Mortgage, the Assignments, the Financing Statements, and all other documents executed or

3

delivered in connection with the Loan, each as amended, modified, or restated from time to time.[2] (Doc. 1 ¶ 16; Doc. 1-3–Doc. 1-7).

Plaintiff alleges that Defendant defaulted on its obligations under the Loan Documents by failing to make the fixed monthly principal and interest payments due for February 1, 2025, and each month thereafter. (Doc. 1 ¶ 17). Plaintiff alleges that Defendant's failure to pay as owed under the Loan Documents constituted "Events of Default" under the Loan Documents (the "Payment Default"). Plaintiff alleges that under the Loan Documents, if an Event of Default occurs and is continuing, Plaintiff may accelerate all amounts owed under the Loan Documents to be immediately due and payable, without any prior notice. (*Id.* ¶ 18).

On August 29, 2025, Plaintiff allegedly notified Defendant of its Payment Default in a "Notice of Default, Acceleration and Demand for Payment" (the "Demand Letter"). (*Id.* ¶ 19). The Demand Letter notified Defendant that all amounts owed under the Loan Documents were accelerated and must be immediately paid in full. (*Id.*). Plaintiff provided the Demand Letter as Exhibit F to the Verified Complaint. (Doc. 1-8). To date, however, Defendant has allegedly failed to pay all amounts owed to Plaintiff. (Doc. 1 ¶ 19).

On October 6, 2025, Plaintiff filed the instant lawsuit, asserting two causes of action against Defendant: (1) breach of contract (Count One); and (2) request for appointment of a receiver (Count Two). (Doc. 1 at 8–12). The Magistrate Judge

---

[2] Plaintiff describes the Loan Documents in detail in Paragraphs 9 through 16 of the Verified Complaint. (Doc. 1 ¶ 9–16).

4

previously granted Plaintiff's Motion to Appoint a Receiver and appointed Trigild Property Management LLC, as receiver of the Property. (Doc. 20).

Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 3). Plaintiff alleges that complete diversity exists because it is a citizen of Massachusetts and Defendant is a citizen of Louisiana. (*Id.* ¶¶ 4–5). Plaintiff further alleges that the amount in controversy is met because the principal amount owed under the Loan Documents is $1,675,000.00, far greater than $75,000. (*Id.* ¶ 3).

The record reflects that on October 15, 2025, Defendant was served a Summons via personal service on its registered agent for service of process. (Doc. 9). The Summons stated that Defendant must answer the Verified Complaint or file a Motion under Federal Rule of Civil Procedure 12 within 21 days of service of the Summons. (*Id.* at 1). The Summons further emphasized: "If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." (*Id.*). Despite personal service of the Summons over nine months ago, Defendant has failed to answer or otherwise respond to Plaintiff's Verified Complaint in any way, as required.

On November 11, 2025, Plaintiff moved for a Clerk's Entry of Default. (Doc. 11). The Clerk of Court granted the Clerk's Entry of Default against Defendant. (Doc. 12).

Now, Defendant moves the Court for the entry of a default judgment. (Doc. 13). Despite the Demand Letter, the initiation of this lawsuit, the issuance of a Clerk's Entry of Default Judgment, and Plaintiff's filing of the current Motion for Default

Judgment, Defendant has failed to appear or respond to this lawsuit in any manner. Accordingly, and for the reasons described below, the Court finds that default judgment is warranted in Plaintiff's favor.

## II.    LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

6

Second, the court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## III.   DISCUSSION

Plaintiff asks the Court to enter judgment in its favor and against Defendant. (Doc. 13). For the following reasons, the Court finds that default judgment is warranted.

### A. Default Judgment is Appropriate under the Lindsey Factors.

The Court must first decide whether the entry of default judgment is appropriate under the circumstances by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendant failed to file an Answer or motion under Rule 12. Second, there is no substantial prejudice to Defendant because it has had ample opportunity to respond to Plaintiff's Demand Letter, the Verified Complaint, the Clerk's Entry of Default, and Plaintiff's Motion for Default Judgment. Third, the grounds for granting a default judgment against Defendant are clearly established, as evidenced by the procedural history of this case and the Clerk's Entry of Default. Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because it has failed to respond to Plaintiff or to the Court. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if

7

challenged by Defendant. The Court therefore finds that the six Lindsey factors weigh in favor of entry of default against Defendant.

## B. The Sufficiency of the Pleadings.

Next, the Court must determine whether Plaintiff's pleadings provide a sufficient basis for a default judgement. Here, Plaintiff sued Defendant for repayment of the Loan under the terms of the Loan Documents. (Doc. 1). The parties executed a valid and binding contract—namely, the Loan Documents. (Doc. 1-3–Doc. 1-7). Along with Plaintiff's Verified Complaint, Plaintiff filed the Loan Documents into the record. (Doc. 1-3–Doc. 1-7).

Defendant breached the Loan Documents by failing to pay Plaintiff under its terms. (Doc. 1 ¶ 7). Along with the Motion for Default Judgment (Doc. 13), Plaintiff filed the Affidavit of Brett Huff, custodian of business records of KeyBank Real Estate Capital.[3] (Doc. 13-2 at 1). Huff attests to the following:

> I have read the *Motion for Default Judgment* (the "**Motion**") and have examined the documents attached as Exhibits thereto, and that, based upon my personal knowledge of the facts stated therein and upon my review of the records of KeyBank, that were kept as a regular practice and in the course of KeyBank's regularly conducted business activity and that were made at or near the time of the occurrence of the matters set forth, the facts stated in the Motion, are true and correct to the best of my knowledge, information, and belief, and the documents attached as Exhibits are accurate copies of the business records of the regularly conducted activity of KeyBank.

(*Id.* at 1–2). Huff further attests that Defendant "failed to make monthly payments required under the Loan Documents described in the Motion, and as of

---

[3] Huff signed the Affidavit "not in his individual or personal capacity, but solely in his capacity as Real Estate Analyst—Special Servicing for KeyBank Real Estate Capital[,]" "acting solely in its capacity as Special Servicer for[] [P]laintiff." (Doc. 13-2).

November 26, 2025, [Defendant] owes Plaintiff $ 1,953,168.58." (*Id.* at 2).  Plaintiff suffered damages due to Defendant's failure to pay. (Doc. 1). Thus, Plaintiff has demonstrated a sufficient basis for default on its Complaint.

### C. Damages.

A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a court can mathematically calculate the amount of damages based on the pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A review of the record reflects that the elements of damages are mathematically calculable based on the supporting documentation submitted; thus, a hearing is not necessary. (Doc. 1-3–Doc. 1-7). The Loan Documents reflect that Defendant borrowed $1,675,000.00. (*Id.*). The Motion alleges that as of November 26, 2025, Defendant owed Plaintiff the following amounts under the Loan Documents:

| Description | Amount |
|---|---|
| Outstanding Principal Balance | $1,635,221.80 |
| Interest: 01/01/25 - 11/30/25 | $ 65,965.51 |
| Default Interest: 02/27/25 - 11/26/25 | $ 54,512.84 |
| Default Interest: Prior Mortgage Payments | $ 60,932.22 |
| Preliminary Yield Maintenance | $ 43,487.24 |
| Late Charges Due | $ 9,102.28 |
| Return Check Fees | $ 400.00 |
| Financial Statement Late Charges | $ 1,000.00 |
| Servicing Advance (Inspection Payment): 07/2025 | $ 237.00 |
| Interest on Advances - Servicing | $ 2.73 |
| Greystone T&I Advance | $ 1,008.22 |
| Freddie Mac T&I Advance | $ 4,412.92 |
| Interest on Advances - T&I | $ 94.21 |
| Interest on Advances - P&I | $ 1,408.40 |
| Special Servicing Fee: 4/08/25 – 11/26/25 | $ 7,875.40 |
| UCC Termination Fees | $ 100.00 |
| Release Fee | $ 600.00 |
| Legal Fee Holdback: | $ 45,000.00 |
| Special Servicer Liquidation Fee | $ 33,007.81 |
| Less Suspense | $ (11,000.00) |

| TOTAL | $ 1,953,168.58 |
|---|---|

Huff's Affidavit similarly attests that as of November 26, 2025, Defendant owes Plaintiff $ 1,953,168.58." (Doc. 13-2 at 2).

Accordingly, in the absence of anything to the contrary from Defendant, the Court will enter Judgment in favor of Plaintiff and against Defendant, as described in detail below.

10

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion For Default Judgment (Doc. 13)** is **GRANTED.**

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiff Computershare Trust Company, National Association, not in its individual capacity, but solely as trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2022-SB102, and against Defendant Tiger Gardens, LLC.

**IT IS FURTHER ORDERED** that Defendant Tiger Gardens, LLC is liable to Plaintiff for all amounts owed under the Loan Documents described in the Motion, including **$1,953,168.58 as of November 26, 2025**, plus all additional interest and fees accruing through the date of entry of this Ruling and Order, plus all additional costs, expenses, charges, and amounts advanced by Plaintiff to protect its collateral.

**IT IS FURTHER ORDERED** that Plaintiff's right to pursue all other endorsers, guarantors, indemnitors, sureties or persons liable for the amounts and obligations owed under the Loan Documents, and Plaintiff's rights in any and all other assets, collateral, property or security of any kind or type, are hereby reserved.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE.**

11

**IT IS FURTHER ORDERED** that Plaintiff may seek attorney's fees after the entry of Final Judgment.[4]

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 27th day of July, 2026

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Plaintiff filed a Proposed Order to accompany its Motion for Default Judgment, which included detailed language related to the appointment of a receiver. Because the Magistrate Judge previously appointed a receiver (Doc. 20), the Court considers Plaintiff's request for the appointment of a receiver moot. Should Plaintiff disagree with the Court's assessment, Plaintiff should file the appropriate Motion.